**Opinion issued October 25, 2012.**



**In The**

**Court of Appeals**

**For The**

**First District of Texas**
————————————

**NO. 01-12-00058-CR**
———————————

**WILLIAM WOOLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1292356**

---

**MEMORANDUM OPINION**

Appellant William Wooley pleaded not guilty to the felony offense of burglary of habitation with intent to commit theft. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011). The jury found appellant guilty and the trial court assessed punishment at confinement for eight years. The trial court certified that this is not

a plea bargain case and the appellant has the right to appeal. Appellant timely filed a notice of appeal.

Appellant's counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no meritorious grounds of error and therefore the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). We grant counsel's motion and affirm the trial court's judgment.

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id.* Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded. *Id.*

We may not grant the motion to withdraw until:

(1) the attorney has sent a copy of his *Anders* brief to his client along with a letter explaining that the defendant has the right to file a pro se brief within 30 days, and he has ensured that his client has, at some point, been informed of his right to file a pro se PDR;

(2) the attorney has informed us that he has performed the above duties;

(3) the defendant has had time in which to file a pro se response; and

(4) we have reviewed the record, the *Anders* brief, and any pro se brief.

*See id*. at 408–09.  If we agree that the appeal is wholly frivolous, we will grant the attorney's motion to withdraw and affirm the trial court's judgment.  *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).  If we conclude that arguable grounds for appeal exist, we will grant the motion to withdraw, abate the case, and remand it to the trial court to appoint new counsel to file a brief on the merits.  *See Bledsoe v. State*, 178 S.W3d 824, 826-27 (Tex. Crim. App. 2005).

Here, counsel's brief reflects that he delivered a copy of the brief to appellant and informed appellant of his right to examine the appellate record and to file a response.  *See Schulman*, 252 S.W.3d at 408.  The Court granted counsel's request for a sixty-day extension of time for appellant to file a pro se response.  Appellant did not file a response.

Counsel's brief meets the *Anders* requirements in that it presents a professional evaluation of the record.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel supplies us with references to the record and provides us with citation to legal authorities.  Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

3

We have independently reviewed the entire record, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (reviewing court, not counsel, determines after full examination of proceedings whether the appeal is wholly frivolous); *Garner*, 300 S.W.3d at 767 (explaining that frivolity is determined by considering whether there are "arguable grounds" for review); *Mitchell*, 193 S.W.3d at 155 (court must independently review the record). Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Garner*, 300 S.W.3d at 767. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d 827 & n.6.

We grant counsel's motion to withdraw[1] and affirm the appeal. Attorney Allen C. Isbell must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

4

Do not publish. TEX. R. APP. P. 47.2(b).